IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARGARET ANN BRITTAIN and       §
CHESTER B. BRITTAIN,            §
                               §        CIVIL ACTION NO. C-07-250
            Plaintiffs,         §
                               §        JURY REQUESTED
v.                             §
                               §        *Pending Transfer to MDL-1699*
PFIZER, INC., ET AL.,          §        *(In re Bextra and Celebrex Marketing,*
                               §        *Sales Practices and Prods. Liab. Litig.)*
            Defendants.         §


**EXHIBITS TO DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL**


EXHIBIT 1    List of All Parties & Status of Case

EXHIBIT 2    Certified copy of state court docket sheet and copy of state court file

EXHIBIT 3    List of Attorneys

EXHIBIT 4    Record of Parties Requesting Trial by Jury

EXHIBIT 5    State Court Information

EXHIBIT 6    Declaration Evidence Cited in Notice of Removal

EXHIBIT 7    Unpublished District Court Orders Cited in Notice of Removal

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and<br>CHESTER B. BRITTAIN,<br><br>        Plaintiffs,<br><br>v.<br><br>PFIZER, INC., ET AL.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>JURY REQUESTED<br><br>*Pending Transfer to MDL-1699*<br>*(In re Bextra and Celebrex Marketing,*<br>*Sales Practices and Prods. Liab. Litig.)* |

## LIST OF ALL PARTIES & STATUS OF CASE

### Status of Case

The above referenced matter currently is pending in the 36th Judicial District Court of San Patricio County, Texas, styled *Margaret Ann Brittain and Chester B. Brittain v. Pfizer, Inc., et al.*, Cause No. S-07-5349CV-A.

### Plaintiffs

Margaret Ann Brittain and Chester B. Brittain

### Defendants

Pfizer Inc. [incorrectly named as "Pfizer, Inc."]
Jacqueline Guerrero
Bob Davis
Jeanne L. Jalufka
Kyle M. Nelson
Jason D. Hahn
Robert G. Vial
Kathryn K. Truitt
Kari A. McLuhan
Reynaldo Riojas
Francisco Meza
Jack Barineau
Erica Zeplin
Deborah Quinones
W. Lance Goodson

**Defendants (cont.)**

Keely Rodriguez
Leah Silva
Daniel Ponce
Celeste Escobar
Jill Guidry
Daniel Townsend
Lynsey Adame

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARGARET ANN BRITTAIN and §
CHESTER B. BRITTAIN, §
§    CIVIL ACTION NO. _____
Plaintiffs, §
§    JURY REQUESTED
v. §
§    *Pending Transfer to MDL-1699*
PFIZER, INC., ET AL., §    *(In re Bextra and Celebrex Marketing,*
§    *Sales Practices and Prods. Liab. Litig.)*
Defendants. §
§
§

## INDEX OF STATE COURT PLEADINGS

A.    Certified Copy of Docket Sheet

B.    Plaintiffs' Original Petition

C.    Citations

D.    Defendant Pfizer Inc.'s Motion to Transfer Venue and, Subject Thereto, Original Answer

E.    Defendant W. Lance Goodson's Motion to Transfer Venue and, Subject Thereto, Original Answer

F.    Notice to Plaintiffs of Filing Notice of Removal

G.    Notice to State Court of Filing Notice of Removal

# EXHIBIT 2(A)

# CIVIL DOCKET

S-07-5349 CV - A

| | NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING |
|---|---|---|---|---|---|

**DATE OF FILING:** Mo. | Day | Year — APR | 10 | 2007

Kind of Action and Party Demanding Jury: **DAMAGES/INJURY-(OTHER THAN AUTO)**

NUMBER OF CASE: **S-07-5349CV-A**

NAMES OF PARTIES:
**MARGARET ANN BRITTAIN AND CHESTER B. BRITTAIN**
vs.
**PFIZER, INC., ET AL. (SEE ATTACHED LIST)**

ATTORNEYS:
**KATHRYN SNAPKA** — Pltf.
Dft.

Jury Fee,
Paid by
Jury No.

FEE BOOK: Vol. | Page

DATE OF ORDERS: Month | Day | Year

Was Stenographer Used?

ORDERS OF COURT

MINUTE BOOK: Vol. | Page

PROCESS

**DEFENDANTS**

ADAME, LYNSEY
BARINEAU, JACK
DAVIS, BOB
ESCOBER, CELESTE
GOODSON, W. LANCE
GUERRERO, JACQUELINE
GUIDRY, JILL
HAHN, JASON D.
JALUFKA, JEANNE L.
MEZA, FRANCISCO
NELSON, KYLE M.
PFIZER, INC.,
PONCE, DANIEL
QUINONES, DEBORAH
RIOJAS, REYNALDO
RODRIGUEZ, KEELY
SILVA, LEAH
TOWNSEND, DANIEL
TRUITT, KATHRYN K.
VIAL, ROBERT G.
ZEPLIN, ERICA

# EXHIBIT 2(B)

CAUSE NO. S-07-5349CV-A

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and | § | IN THE DISTRICT COURT |
| CHESTER B. BRITTAIN | § | |
| | § | |
| VS. | § | 36 JUDICIAL DISTRICT |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | |
| KARI A. McLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, KEELY RODRIGUEZ, | § | |
| LEAH SILVA, DANIEL PONCE, | § | |
| CELESTE ESCOBAR, JILL GUIDRY, | § | |
| DANIEL TOWNSEND and LYNSEY ADAME | § | SAN PATRICIO COUNTY, TEXAS |



FILED
AT 8:00 a M O'CLOCK
APR 1 0 2007
LAURA M. MILLER CLERK DISTRICT COURT
SAN PATRICIO COUNTY TEXAS
BY _____ DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Margaret Brittain and Chester B. Brittain (hereinafter referred to as "Plaintiffs"), and for cause of action would respectfully show unto the Court and the Jury the following:

### I.

This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure 190.4.

### II.
### INTRODUCTION

This action arises from the sales, distribution, and/or prescribing of Bextra®, an osteoarthritis and pain-relief drug.  Plaintiff Margaret Brittain was prescribed Bextra® for the relief of pain and as a result of the ingestion of Bextra®, she suffered from serious and permanent injuries.



## II.
## PARTIES

Plaintiffs are individuals residing in Sinton, Texas and are citizens of the State of Texas and residents of San Patricio County, Texas.

Defendant Pfizer at all times herein mentioned was and is a corporation incorporated, operating and existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York, continuously and purposefully doing business in the State of Texas for monetary profit. At all times herein mentioned, Defendant Pfizer, in interstate commerce and in this judicial district, purposefully marketed, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, and retailers for resale to physicians, hospitals, medical practitioners and the general public, a certain pharmaceutical product, hereinafter referred to as BEXTRA®. Pfizer may be served with process by and through its registered agent, CT Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

Defendant Jacqueline Guerrero is an individual who may be served with process at her place of residence which is believed to be 7227 Westlyn Dr., San Antonio, Texas 78227-2809.

Defendant Bob Davis is an individual who may be served with process at his place of residence which is believed to be 13330 Blanco Rd., San Antonio, Texas 78216-2193.

Defendant Jeanne L. Jalufka is an individual who may be served with process at her place of residence which is believed to be 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629.

Defendant Kyle M. Nelson is an individual who may be served with process at his place of residence which is unknown at this time.

2

Defendant Jason D. Hahn is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Robert G. Vial is an individual who may be served with process at his place of residence which is believed to be 116 Trail Ridge Dr., Sandia, Texas 78383-4036.

Defendant Kathryn K. Truitt is an individual who may be served with process at her place of residence which is believed to be 3045 Manna Bay Dr., League City, Texas 77573-2737.

Defendant Kari A. McLuhan is an individual who may be served with process at her place of residence which is believed to be 13 Golf House Rd., Laguna Vista, Texas 78578.

Defendant Reynaldo Riojas is an individual who may be served with process at his place of residence which is believed to be 102 Chipinque, San Antonio, Texas 78237-8909.

Defendant Francisco Meza is an individual who may be served with process at his place of residence which is believed to be 4839 Brandeis St., San Antonio, Texas 78249-1714.

Defendant Jack Barineau is an individual who may be served with process at his place of residence which is believed to be 804 Cold Springs Ct., Murphy, Texas 75094-4379.

Defendant Erica Zeplin is an individual who may be served with process at her place of residence which is believed to be 4340 Camden Ave., Dallas, Texas 75206-5404.

Defendant Deborah Quinones is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant W. Lance Goodson is an individual who may be served with process at his place of residence which is believed to be 7413 N. 17th St., McAllen, Texas 78504-3528.

Defendant Keely Rodriguez is an individual who may be served with process at her place of residence which is believed to be 226 Creekbend Dr., Brownsville, Texas 78521-4328.

Defendant Leah Silva is an individual who may be served with process at her place of residence which is believed to be 3700 Cole Ave., Dallas, Texas 75204-4543.

Defendant Daniel Ponce is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Celeste Escobar is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant Jill Guidry is an individual who may be served with process at 10058 Clarks Air Field, Justin, Texas 76247-2999.

Defendant Daniel Townsend is an individual who may be served with process at his place of residence which is believed to be 106 Gazelle Lk., San Antonio, Texas 78245-2790.

Defendant Lynsey Adame is an individual who may be served with process at her place of residence which is believed to be 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915.

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court.  Plaintiffs seek recovery of monetary damages for injuries to Plaintiff Margaret Ann BrIttain sustained as a result of the Defendants' negligence and gross negligence in an amount in excess of the minimum jurisdictional limits of this Court.

Venue is proper in San Patricio County, Texas, pursuant to the Texas Civil Practice and Remedies Code, Sections 15.002(1) and 15.005, in that all or a substantial part of the events or omissions giving rise to the claim occurred in San Patricio County, Texas.

### IV.
### FACTUAL ALLEGATIONS

4

Defendants were and are in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, BEXTRA®.  Defendants, at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in Texas.

Plaintiff Margaret Brittain ingested BEXTRA® that was manufactured, marketed and distributed by Defendants, and sustained serious injuries as a result.

At all times relevant herein, Plaintiff Margaret Brittain was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by Defendant Pfizer as BEXTRA®.

BEXTRA® is in a class of drugs called non-steroidal and anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor).  It was approved by the Food and Drug Administration on November 16, 2001, for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

Defendant Pfizer did not withdraw BEXTRA® prior to April 7, 2005, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of BEXTRA®.  On or about April 7, 2005, the United States Food and Drug Administration had to ask Pfizer to pull BEXTRA® from the market because of safety concerns with the drug, including cardiovascular risks suffered by persons such as Plaintiff Margaret Ann Brittain.

The Sales Representative Defendants called on doctors and hospitals and were in the business of profiting from the design, manufacture, marketing, distribution, and/or sales of the

5

prescription drug BEXTRA®.  The Sales Representative Defendants were in a position to make representations about the risks associated with the use of BEXTRA®.

Defendants materially breached their obligations to consumers, such as Plaintiff Margaret Ann Brittain, including but not limited to its design, testing, manufacture, warning, marketing, warranting and sale of BEXTRA®.

Defendants expressly and/or impliedly warranted to the market, including Plaintiff Margaret Ann Brittain, by and through statements made by Defendants, orally and in publications, package inserts and other written materials to the health care community, that BEXTRA® was safe, effective, fit and proper for it intended use.

Defendants were aware of the substantial risks of taking BEXTRA®, but failed to fully disclose same.

### V.
### STRICT PRODUCTS LIABILITY

Plaintiff Margaret Brittain ingested BEXTRA®, a medication that was manufactured, distributed, sold, prescribed and/or otherwise put into the stream of commerce by Defendants. Plaintiffs would show that a defective condition of BEXTRA® rendered it unreasonably dangerous, and that said BEXTRA® was in the defective condition at the time it left the hands of Defendants.

Plaintiff Margaret Brittain was unaware of the significant hazards and defects in the BEXTRA® medication.  Therefore, the BEXTRA® medication was unreasonably dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user.  During the periods that Plaintiff Margaret Brittain was taking BEXTRA®, the medication was being utilized in a manner which was intended by Defendant Pfizer.

6

Defendants designed, manufactured, sold and/or placed into the stream of commerce a product, which reached Plaintiff Margaret Brittain in the same or substantially same condition which was represented to be safe and free from latent defects.

Defendants are strictly liable to Plaintiff Margaret Brittain for designing, manufacturing, and placing into the stream of commerce the BEXTRA® which was unreasonably dangerous for its reasonably forseeable use at the time it left the control of Defendants because of the design defects that were producing causes of the injuries to Plaintiff Margaret Brittain.

The product in question was defectively marketed by Defendants with respect to their failure to warn, adequately warn, or instruct in the safe use of the product and such defects were producing causes of the injuries to Plaintiff Margaret Brittain.

Plaintiffs, therefore, invoke the Doctrine of Strict Liability, Section 402A, Restatement (Second) of Torts, and as adopted by the Supreme Court of Texas.

Defendants were negligent in the design and marketing of the BEXTRA®. Defendants knew, or in the exercise of ordinary care should have known, that the product was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendants were negligent and such negligence proximately caused Plaintiffs to suffer injuries and damages.

Defendants owed Plaintiff Margaret Brittain the duty of reasonable care when it tested, designed, manufactured, distributed and marketed the BEXTRA®. Defendants violated their duty proximately causing Plaintiffs to suffer injuries and damages.

Defendants are also strictly liable to Plaintiffs under Section 402B of the Restatement (Second) of Torts in misrepresenting to the public that their product was safe and without defect, which statement and representation was false and involved a material fact concerning the

7

character or quality of the product in question, and upon which representations Plaintiff Margaret Brittain constructively relied and which constituted a producing cause of the injury at issue.

Further, each of the above and foregoing acts or omissions of Defendants constituted such an entire want of care as to establish that the acts or omissions were the result of actual conscious indifference to the rights, safety, or welfare of the person or persons affected.

## VI.
## FRAUD

Defendants fraudulently represented to the general public, as well as healthcare professionals, that BEXTRA® was a safe and effective drug. Defendants made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of BEXTRA®, they would not prescribe and/or ingest this drug. Defendants knew its representations to be false, and Plaintiff Margaret Brittain acted in actual and justifiable reliance on such material misrepresentations and was injured as a result.

## VII.
## NEGLIGENCE

Defendants negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised, sold, or otherwise placed into the stream of commerce BEXTRA® which they knew, or in the exercise of ordinary care, should have known was highly harmful to Plaintiff Margaret Brittain's health and well being.

Defendants had a duty to Plaintiff Margaret Brittain to exercise reasonable care in the design, manufacturing, marketing, sale, testing and/or distribution of BEXTRA®. Defendant Pfizer breached its duty to adequately and properly test BEXTRA® before and after placing it on the market and negligently failed to adequately warn consumers of the serious thrombotic and cardiovascular side effects of BEXTRA® ingestion.

8

Despite the fact that Defendants knew, or should have known that BEXTRA® could cause unreasonably dangerous risks and side effects of which Plaintiff Margaret Brittain would not be aware, Defendants nevertheless advertised, marketed, sold and distributed BEXTRA® knowing that there were safer alternative products.

Defendants' negligence and breach of duties owed to Plaintiff Margaret Brittain proximately caused Plaintiffs' injuries and damages.

## VIII.
## NEGLIGENT MISREPRESENTATION

Defendants misrepresented to Plaintiff Margaret Brittain and her prescribing physician the safety and effectiveness of BEXTRA® and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of BEXTRA®.

Defendants made misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that BEXTRA® had defects, dangers, and characteristics that were other than what Defendants had represented to Plaintiff Margaret Brittain.  Defendants also had a post-sale duty to warn Plaintiff Margaret Brittain and the public about the potential risks and complications associated with BEXTRA® in a timely manner.

Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that Plaintiff Margaret Brittain would rely on them, leading to the use of BEXTRA®.

At the time of Defendants' fraudulent misrepresentations, Plaintiff Margaret Brittain was unaware of the falsity of the statements being made and believed them to be true.  Plaintiff

9

Margaret Brittain had no knowledge of the information concealed and/or suppressed by Defendants.

Plaintiff Margaret Brittain justifiably relied on and/or was induced by the misrepresentations and/or active concealment and, consequently, Plaintiff Margaret Brittain ingested BEXTRA® to her detriment.

Defendants made the misrepresentations and actively concealed information about the defects and dangers of BEXTRA® with the intention and specific desire that consumers such as Plaintiff Margaret Brittain would rely on such in selecting BEXTRA® as treatment.

As a direct and proximate result of the fraudulent acts, omissions, and misrepresentations of Defendants, Plaintiffs suffered significant injuries and damages.

## IX.
## EXPRESS WARRANTY

Defendants breached their express warranties made with regard to BEXTRA®. Defendants distributed this drug to consumers for the ordinary purpose for which such drugs are used. Defendants had a legal duty to Plaintiffs, and the public in general, to disclose their knowledge of the serious risks of ingesting BEXTRA® as marketed. This breach of duty by Defendants proximately caused the injuries and damages to Plaintiffs.

## X.
## IMPLIED WARRANTY

A.    WARRANTY OF MERCHANTABILITY.

Defendants breached their implied warranty of merchantability. Defendants sold and/or distributed this drug to Plaintiff Margaret Brittain and other consumers, for the ordinary purpose for which such drug is used by consumers. BEXTRA® was defective, or unmerchantable, i.e.,

10

not fit for the ordinary purposes for which such drugs are used.  A defect or defects in the use of this drug for its ordinary purpose caused injuries to Plaintiffs.

**B.    WARRANTY OF FITNESS.**

Defendants breached their implied warranty of fitness.  Defendants sold and/or distributed BEXTRA®, and, at the time of the sale and/or distribution of this drug, Defendants knew or had reason to know of a particular purpose for which the drug was to be used. The BEXTRA® was not reasonably fit and/or suitable for the use in that it caused injuries to Plaintiffs.  Defendants sale and/or distribution of a product which was not safe for its intended use proximately caused injuries and damages to Plaintiffs.

## XI.
## PUNITIVE DAMAGES

At all times relevant hereto, Defendants actually knew of the defective nature of BEXTRA® as set forth herein and continued to design, manufacture, market, distribute and sell BEXTRA® so as to maximize sales and profits at the expense of the public's health and safety and in conscious disregard of the foreseeable serious harm caused by BEXTRA®.  Defendants' conduct exhibits such an entire want of care as to establish that its actions were a result of fraud, ill will, recklessness, and/or willful and intentional disregard for the safety and rights of Plaintiff Margaret Brittain, as well as the general public and/or consumers of BEXTRA®.  Plaintiffs therefore, are entitled to punitive damages for such gross negligence.

## XII.
## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues in this case.

## XIII.
## PRAYER

11

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, the Court grant:

1.  Judgment against Defendants for actual damages, as set forth above, in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

2.  Interest on said Judgment, at the legal rate from the date of the Judgment;

3.  Plaintiffs' costs of this suit;

4.  Past and future pain and anguish of Plaintiff Margaret Brittain;

5.  Past medical expenses of Plaintiff Margaret Brittain;

6.  Future medical expenses of Plaintiff Margaret Brittain;

7.  Loss of consortium of Plaintiff Margaret Brittain;

8.  Loss of consortium of Plaintiff Chester B. Brittain;

9.  Prejudgment interest as allowed by law;

10. any additional damages and punitive damages under the facts set forth in this or any amended pleading(s); and

11. for such other and further relief to which Plaintiffs may be justly entitled, both in law and in equity.

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 - FAX

By: _____
Kathryn Snapka

12

State Bar No. 18781200
Greg W. Turman
State Bar No. 00785123
Rick Waterhouse
State Bar No. 00788624
Aditi Anita Shahani
State Bar No. 24041898

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

GREG W. TURMAN
RICK B. WATERHOUSE, JR.

CRAIG D. HENDERSON
A. ANITA SHAHANI



April 5, 2007

**VIA FEDERAL EXPRESS and
FIRST CLASS U.S. MAIL**

Ms. Carmen Arroyo
400 West Sinton Street
Sinton, Texas 78387

Re:  Cause No. _____; In the 79th Judicial District Court of Jim
Wells County, Texas; *Margaret Ann Brittain and Chester B. Brittain v.
Pfizer, Inc., et al*
**ST&W File No.: 2321**

Dear Ms. Arroyo:

   Enclosed for filing in the above-referenced new civil matter is the Plaintiffs' Original
Petition and two (2) copies of the petition that we ask you to file stamp one copy to attach to the
citation for service upon the Defendant listed below and the other copy to return to our office in the
self-addressed stamped envelope provided herein. <u>Please note we are only requesting a citation for
the below-listed Defendant. We will provide further instructions with regard to the other Defendants
listed in the petition in the very near future.</u>  Kindly prepare the citation for service upon the
following Defendant and return the citation to our office for further handling:

   1. Pfizer, Inc. (by serving its Registered Agent for Service)
    CT Corporation Systems
    350 N. St. Paul St.
    Dallas, Texas 75201

   Also enclosed are Snapka, Turman & Waterhouse, L.L.P. checks reflecting the
payment of your filing, jury and citation fees.

Thank you for your courtesies in this regard.  Should you have any questions, please do not hesitate to contact this office at (361) 888-7676.

Very truly yours,

SNAPKA, TURMAN & WATERHOUSE, L.L.P.

Annette Gomez
Legal Secretary
agomez@stwllp.com

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

KATHRYN SNAPKA
**Board Certified**
Personal Injury Trial Law
Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

GREG W. TURMAN
RICK B. WATERHOUSE, JR.

CRAIG D. HENDERSON
A. ANITA SHAHANI



```
                    FILED
AT_____M O'CLOCK

         APR 2 5 2007

LAURA M. MILLER CLERK DISTRICT COURT
     SAN PATRICIO COUNTY, TEXAS
BY_____DEPUTY
```

April 24, 2007

Ms. Carmen Arroyo
400 West Sinton Street
Sinton, Texas 78387

Re:   Cause No. S-07-5349CV-A; In the 36th Judicial District Court of San Patricio
      County, Texas; *Margaret Ann Brittain and Chester B. Brittain v. Pfizer, Inc.,
      et al*
      **ST&W File No.: 2321**

Dear Ms. Arroyo:

Enclosed please find 16 copies of Plaintiffs' Original Petition that we ask you to attach to citations for service upon the Defendants in this matter. Kindly issue citations for service upon the following Defendants:

1.   Defendant Jacqueline Guerrero is a sales representative of Pfizer, Inc., who may be served with process at 7227 Westlyn Dr., San Antonio, Texas 78227-2809 or wherever she may be found;

2.   Defendant Bob Davis is a sales representative of Pfizer, Inc. who may be served with process at 13330 Blanco Rd., San Antonio, Texas 78216-2193 or wherever he may be found;

3.   Defendant Jeanne L. Jalufka is a sales representative of Pfizer, Inc. who may be served with process at 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629 or wherever she may be found;

4.   Defendant Robert G. Vial is a sales representative of Pfizer, Inc. who may be served with process at 116 Trail Ridge Dr., Sandia, Texas 78383-4036 or wherever he may be found;

5.   Defendant Kathryn K. Truitt is a sales representative of Pfizer, Inc. who may be served with process at 3045 Manna Bay Dr., League City, Texas 77573-2737 or wherever she may be found;



Ms. Carmen Arroyo
April 24, 2007
Page 2

6.      Defendant Kari A. McLuhan is a sales representative of Pfizer, Inc. who may be
        served with process at 13 Golf House Rd., Laguna Vista, Texas 78578 or wherever
        she may be found;

7.      Defendant Reynaldo Riojas is a sales representative of Pfizer, Inc. who may be
        served with process at 102 Chipinque, San Antonio, Texas 78237-8909 or wherever
        he may be found;

8.      Defendant Francisco Meza is a sales representative of Pfizer, Inc. who may be served
        with process at 4839 Brandeis St., San Antonio, Texas 78249-1714 or wherever he
        may be found;

9.      Defendant Jack Barineau is a sales representative of Pfizer, Inc. who may be served
        with process at 804 Cold Springs Ct., Murphy, Texas 75094-4379 or wherever he
        may be found;

10.     Defendant Erica Zeplin is a sales representative of Pfizer, Inc. who may be served
        with process at 4340 Camden Ave., Dallas, Texas 75206-5404 or wherever she may
        be found;

11.     Defendant W. Lance Goodson is a sales representative of Pfizer, Inc. who may be
        served with process at 7413 N. 17th Street, McAllen, Texas 78504-3528 or wherever
        he may be found;

12.     Defendant Keely Rodriguez is a sales representative of Pfizer, Inc. who may be
        served with process at 226 Creekbend Dr., Brownsville, Texas 78521-4328 or
        wherever she may be found;

13.     Defendant Leah Silva is a sales representative of Pfizer, Inc. who may be served with
        process at 3700 Cole Ave., Dallas, Texas 75204-4543 or wherever she may be found;

14.     Defendant Jill Guidry is a sales representative of Pfizer, Inc. who may be served with
        process at 10058 Clarks Air Field, Justin, Texas 76247-2999 or wherever she may
        be found;

15.     Defendant Daniel Townsend is a sales representative of Pfizer, Inc. who may be
        served with process at 106 Gazelle Lk., San Antonio, Texas 78245-2790 or wherever
        he may be found;

Ms. Carmen Arroyo
April 24, 2007
Page 3

16.    Defendant Lynsey Adame is a sales representative of Pfizer, Inc. who may be served
with process at 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915 or wherever
she may be found.

    Also enclosed is our Firm check number 8082 in the amount of $128.00 in payment
of your fee for citation preparation. After the citations have been issued, please return them to our
office for further handling.

    Thank you for your courtesies in this regard. Should you have any questions, please do not
hesitate to contact me.

                Very truly yours,

                **SNAPKA, TURMAN & WATERHOUSE, L.L.P.**

                Annette Gomez
                Legal Secretary
                agomez@stwllp.com

# EXHIBIT 2(C)

 **COPY** adocTechnologies, Inc. - Austin, TX



LAURA M. MILLER
SAN PATRICIO COUNTY DISTRICT CLERK
P.O. BOX 1084
SINTON TX 78387

**ATTORNEY FOR PLAINTIFF(s)**
**KATHRYN SNAPKA**
**PO DRAWER 23017**
**CORPUS CHRISTI, TEXAS 78403**

# REGULAR CITATION

**TO:**

**PFIZER, INC. REGISTERED AGENT CT CORPORATION SYSTEMS**
**350 N. ST. PAUL ST.**
**DALLAS, TEXAS 75201**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed on APRIL 10, 2007 in this case, numbered S-07-5349CV-A on the docket of said Court, and styled,

MARGARET ANN BRITTAIN AND CHESTER B. BRITTAIN VS. PFIZER, INC., JACQUELINE GUERRERO, ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFFS' ORIGINAL PETITION accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at SINTON, Texas this the 10th day of April, 2007.

Laura M. Miller, District Clerk
SAN PATRICIO County, Texas

By: *Blanche Longoria*
BLANCHE LONGORIA Deputy

TEXAS CIVIL PROCESS, INC.
Came to Hand 5/5/07
Delivered this 5 Day 07/07
P.O. Box 3785
Corpus Christi, Tx. 78463-3785
By _____
Process Server

ctiperserv.rcv

cdocTechnologies, Inc. – Austin, TX

# SHERIFF'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___.m., and executed on the _____ day of _____, 20_____, at _____ o'clock ___.m., at _____, in _____ County, _____ by delivering to each of the within-named defendant(s), in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying times and places to-wit:

| Name | Day/Month/Year | Hour/Minute | Place, Course, and Distance from Court House |
|------|----------------|-------------|----------------------------------------------|
|      |                |             |                                              |
|      |                |             |                                              |
|      |                |             |                                              |
|      |                |             |                                              |

Not executed for the following reasons:

_____

_____

Information received as to the whereabouts of the said defendant ____ being

_____

_____

I am a disinterested person competent to make oath of the fact.

I actually and necessarily traveled _____ miles in the service of this Writ in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES: Serving --- cop----- $_____
       Mileage ___ miles-- $_____
          Total----- $_____

Subscribed and sworn to _____ before me, the undersigned authority, this the _____ day of _____, 20_____, at _____ o'clock ___.m.

_____, Sheriff
_____ County,
State of _____
By_____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____ on the _____ day of _____, 20_____, at _____ o'clock ___.m. this copy of this instrument.

_____, Sheriff
_____ County,
State of _____
By_____, Deputy



ctspc.rev

LAURA M. MILLER
SAN PATRICIO COUNTY DISTRICT CLERK
P.O. BOX 1084
SINTON TX 78387

**COPY**

ATTORNEY FOR PLAINTIFF(s)
SNAPKA, TURMAN AND WATERHOUSE L.L.P.
606 N CARANCAHUA SUITE 1511
CORPUS CHRISTI, TX 78476

# REGULAR CITATION

## TO:

W LANCE GOODSON
7413 NORTH 17 ST.
MCALLEN, TEXAS 78504

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed on APRIL 10, 2007 in this case, numbered S-07-5349CV-A on the docket of said Court, and styled,

MARGARET ANN BRITTAIN CHESTER BRAITTAN VS PFIZER INC. ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of ORIGINAL PETITION accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at SINTON, Texas this the 30th day of April, 2007.

Laura M. Miller, District Clerk
SAN PATRICIO County, Texas

By: _Sylvia Garza_
SYLVIA GARZA Deputy

TEXAS CIVIL PROCESS, INC.
Came to Hand _5-29-07  10:55AM_
Delivered this _21_ Day _May 07_  _4:40 Pm_
P.O. Box 3785
Corpus Christi, Tx. 78463-3785
By _Brent Miller_
Process Server

# EXHIBIT 2(D)

CAUSE NO. S-07-5349CV-A

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and CHESTER B. BRITTAIN, | § § § | IN THE DISTRICT COURT OF |



| | | |
|---|---|---|
| Plaintiffs, | § § | |
| v. | § § | SAN PATRICIO COUNTY, TEXAS |
| PFIZER, INC., JACQUELINE GUERRERO, BOB DAVIS, JEANNE L. JALUFKA, KYLE M. NELSON, JASON D. HAHN, ROBERT G. VIAL, KATHRYN K. TRUITT, KARI A. McLUHAN, REYNALDO RIOJAS, FRANCISCO MEZA, JACK BARINEAU, ERICA ZEPLIN, DEBORAH QUINONES, W. LANCE GOODSON, KEELY RODRIGUEZ, LEAH SILVA, DANIEL PONCE, CELESTE ESCOBAR, JILL GUIDRY, DANIEL TOWNSEND, and LYNSEY ADAME, | § § § § § § § § § § § § § § § § | |
| Defendants. | § § § | 36th JUDICIAL DISTRICT |

**DEFENDANT PFIZER INC.'S MOTION TO TRANSFER VENUE
AND, SUBJECT THERETO, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Pfizer Inc. (incorrectly named as "Pfizer, Inc." and hereinafter referred to as "Pfizer" or "Defendant") and files this its Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiffs' Original Petition. Defendant respectfully would show the Court as follows:

**I.**

**MOTION TO TRANSFER VENUE**

This is a pharmaceutical product liability case involving Bextra®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiffs Margaret and Chester Brittain allege they sustained personal injuries as a result of Margaret Brittain's use of Bextra®, *see* PLAINTIFFS' ORIGINAL PETITION ("PETITION") at 1, and assert Pfizer is liable for those

injuries under theories of strict liability, negligence, misrepresentation, fraud, and breach of warranties. *Id.* at 6-11. Plaintiffs also assert certain vague claims against twenty-one (21) current or former Pfizer field sales representatives whom Plaintiffs assert detailed Bextra® to unidentified "doctors and hospitals." *See id.* at 5-6.

Plaintiffs' Petition is sufficiently imprecise to raise concerns that venue may not be proper in San Patricio County. Their petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in San Patricio County, Texas," *see id.* at 4, without any specific factual allegations supporting their contention that venue in San Patricio County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve its right to challenge venue if the facts establish that venue in San Patricio County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiffs' purported causes of action accrued, the county of this or any other defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claims occurred in the county of suit;

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiffs' purported causes of action accrued; and

(4)    specifically denies that Plaintiffs resided in the county of suit at the time Plaintiffs' purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiffs' pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiffs' claims.  Defendant, therefore, requests that it be permitted reasonable time to obtain venue facts and conduct venue discovery.  Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after it has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to its Motion to Transfer Venue, Defendant denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

### First Defense

1.    The Petition fails to state a claim upon which relief can be granted.

### Second Defense

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

3

federal law. Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.     At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

### Sixth Defense

6.     Plaintiffs' action is barred by the statute of response.

### Seventh Defense

7.     Plaintiffs' claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant. Rather, said loss is due to the acts or omissions on the part

of non-parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated non-parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendant affirmatively denies it violated any duty owed to the Plaintiffs.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Bextra® was at all times material to the Petition reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Petition were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Texas, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Texas law.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

9

protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Texas. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 (1991), TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America, Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S 408.

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions

with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Petition are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.    The claims asserted in the Petition are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-second Defense

42.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-third Defense

43.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### Forty-fourth Defense

44.    The claims asserted in the Petition are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-fifth Defense

45.    The claims asserted in the Petition are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-sixth Defense

46.    The claims asserted in the Petition are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-seventh Defense

47.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-eighth Defense

48.    The claims asserted in the Petition are barred because the utility of Bextra® outweighed its risks.

### Forty-ninth Defense

49.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fiftieth Defense

50.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-first Defense

51.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-second Defense

52.     The claims asserted in the Petition are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-third Defense

53.     Plaintiffs' fraud and misrepresentation allegations are not stated with the degree of particularity, as required by both the state and federal rules.

### Fifty-fourth Defense

54.     Plaintiffs' causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

### Fifty-fifth Defense

55.     Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

### Fifty-sixth Defense

56.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

### Fifty-seventh Defense

57.    If Plaintiffs settle with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### Fifty-eighth Defense

58.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Fifty-ninth Defense

59.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

### Sixtieth Defense

60.    Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

### Sixty-first Defense

61.    Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physicians before taking Bextra®, alone or in combination with any other drug(s).

### Sixty-second Defense

62.    The duty to obtain Plaintiffs' informed consent prior to prescribing Bextra® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Sixty-third Defense

63.    Plaintiffs may not assert a claim against Defendant for negligent misrepresentation as Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

### Sixty-forth Defense

64.    Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

### Sixty-fifth Defense

65.    Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

### Sixty-sixth Defense

66.    Plaintiffs did not rely on any alleged express or implied warranty.

### Sixty-seventh Defense

67.    Plaintiffs failed to notify Defendant of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

### Seventy-eighth Defense

68.    Defendant specifically denies that it received any notice of any alleged breach of warranty from Plaintiffs within a reasonable time after Plaintiffs discovered or should have discovered any such alleged breach and Plaintiffs are, therefore, barred from any recovery for such claims.

15

### Sixty-ninth Defense

69.    Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendant's disclaimers.

### Seventieth Defense

70.    Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendant.

### Seventy-first Defense

71.    Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

### Seventy-second Defense

72.    Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

### Seventy-third Defense

73.    Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Bextra® was and is controlled by federal law, and Defendant was at all times in compliance and obedience with applicable federal law.    If Plaintiffs' causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).  Plaintiffs' claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

16

(a)     any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)     any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)     any allegation that Bextra® was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)     any allegation that Defendant failed to give Plaintiff's healthcare providers adequate warnings concerning the risks associated with Bextra®; and/or

(e)     any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

### Seventy-fourth Defense

74.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Seventy-fifth Defense

75.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

### Seventy-sixth Defense

76.    Plaintiffs have failed to allege conduct warranting imposition of punitive damages under Texas law.

### Seventy-seventh Defense

77.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague

or simply non-existent, and are inadequate to ensure that such awards do not include amounts

intended as exemplary damages, which are impermissible in a compensatory damages award.

### Seventy-eighth Defense

78.      Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or

overbroad, and are in contravention of Defendant's rights under each of the following

constitutional provisions:

(a)      the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)      the Takings Clause of the Fifth Amendment of the United States Constitution;

(c)      the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

(d)      the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

### Seventy-ninth Defense

79.      As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual*

*Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127

S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant

from any award of damages that:

(a)      is based, in whole or in part, on conduct which did not harm Plaintiff;

(b)      is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)      is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)      is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiffs; or

(e)      is grossly disproportionate to the harm suffered by Plaintiffs.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Eightieth Defense

80.    Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

### Eighty-first Defense

81.    Plaintiffs' claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

(a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

(b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

(d)    the Supremacy Clause of Article VI of the United States Constitution;

(e)    the Free Speech Clause of the First Amendment of the United States Constitution;

(f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

(h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

(i)    the Excessive Fines Clause of Eighth Amendment of the United States Constitution;

19

(j) the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

(k) the Equal Protection Clause of the Fourteenth Amendment;

(l) as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

### Eighty-second Defense

82. Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

### Eighty-third Defense

83. No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### Eighty-fourth Defense

84. To the extent Plaintiffs' claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### Eighty-fifth Defense

85. With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Eighty-sixth Defense

86. Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

## III.

## JURY DEMAND

Subject to its Motion to Transfer Venue, Defendant hereby demands a trial by jury.

## IV.

## PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiffs take nothing by their suit, that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By: _____

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

21

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 24th day of May, 2007:

***Via Certified Mail, Return Receipt Requested***

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
***Attorneys for Plaintiffs***



# EXHIBIT 2(E)

CAUSE NO. DC-07-150

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and<br>CHESTER B. BRITTAIN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | SAN PATRICIO COUNTY, TEXAS |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | |
| KARI A. McLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, | § | |
| KEELY RODRIGUEZ, LEAH SILVA, | § | |
| DANIEL PONCE, CELESTE ESCOBAR, | § | |
| JILL GUIDRY, DANIEL TOWNSEND, | § | |
| and LYNSEY ADAME, | § | |
| | § | |
| Defendants. | § | 36th JUDICIAL DISTRICT |

### DEFENDANT W. LANCE GOODSON'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant W. Lance Goodson (hereinafter referred to as "Defendant") and files this his Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiffs'. Original Petition. Defendant would respectfully show the Court as follows:

### I.

### MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Bextra®, a prescription medication co-promoted and marketed at times by Defendant Pfizer Inc. ("Pfizer"). Plaintiffs Margaret Ann and Chester B. Brittain allege they sustained personal injuries as a result of Margaret Brittain's use of Bextra®, *see* PLAINTIFFS' ORIGINAL PETITION ("PETITION") at 1, and

assert Pfizer is liable for those injuries under theories of strict liability, negligence, misrepresentation, fraud, and breach of warranties. *Id.* at 6-11. Plaintiffs also assert certain vague claims against twenty-one (21) current or former Pfizer field sales representatives, including Defendant, whom Plaintiffs assert detailed Bextra® to unidentified "doctors and hospitals." *See id.* at 5-6.

Plaintiffs' Petition is sufficiently imprecise to raise concerns that venue may not be proper in San Patricio County. Their petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in San Patricio County, Texas," *see id.* at 4, without any specific factual allegations supporting their contention that venue in San Patricio County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve his right to challenge venue if the facts establish that venue in San Patricio County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." Tex. Civ. Prac. & Rem. Code. Ann. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiffs' purported causes of action accrued, the county of any defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiffs' purported claims occurred in the county of suit;

2

(3)  specifically denies that any individual defendant resided in the county of suit at the time Plaintiffs' purported causes of action accrued; and

(4)  specifically denies that Plaintiffs resided in the county of suit at the time Plaintiffs' purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiffs' pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiffs' claims. Defendant, therefore, requests that he be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after he has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.  General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to his Motion to Transfer Venue, Defendant denies each and every allegation made against him and demands strict proof of same by a preponderance of the evidence.

**B.  Affirmative Defenses**

Subject to his Motion to Transfer Venue, and without assuming the burden of proof of such defenses that he would not otherwise have, Defendant affirmatively asserts the following defenses:

1.  Plaintiffs' Petition fails to state a claim against Defendant upon which relief can be granted.

2.  Plaintiffs' causes of action are barred in whole or in part by the applicable statute of limitations and/or statute of repose.

3.  Plaintiffs' claims against Defendant are barred under Section 20, comment g of the Restatement (Third) of Torts: Products Liability.

3

4.   Plaintiffs' causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

5.   Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

6.   Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

7.   Plaintiffs' recovery, if any, is barred entirely, or should be reduced, by Plaintiffs' comparative negligence.

8.   The damages alleged by Plaintiffs were caused, solely or partially, or proximately caused by some person or third party for whom Defendant is not legally responsible.

9.   This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

10.   If Plaintiffs settle with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

11.   Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

12.   Plaintiffs' alleged damages were not proximately caused by any act or omission of Defendant.

13.   The producing causes of the damages Plaintiffs allegedly suffered were acts or omissions of some person, cause or entity other than Defendant.

4

14.    Plaintiffs' alleged damages were the result of pre-existing and/or unrelated conditions that were independent of, or far removed from, any conduct of Defendant.

15.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' damages, if any, were caused by changes and/or alterations to the product at issue made by persons not within Defendant's control.

16.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, the methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of the Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

17.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

18.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense and based on the state of scientific,

5

medical, and technological knowledge at the time that Bextra® was marketed, Bextra® was reasonably safe for its normal and foreseeable use at all relevant times.

19.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, any claims by Plaintiffs for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

20.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts: Product Liability (including the comments thereto) because Defendant complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

21.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims against Defendant are barred under Section 402A, comments j and/or k of the Restatement (Second) of Torts.

22.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims against Defendant are barred under Sections 2, 4, and 6 *et seq*. of the Restatement (Third) of Torts:

6

Product Liability. Alternatively, Plaintiffs' claims are barred because the product's benefits outweighed its risks.

23. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part because Bextra® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

24. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

25. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

26. To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

27. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

28. The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by Plaintiffs' failure to mitigate such damages in whole or in part.

29. Plaintiffs' claims are barred in whole or in part by the unforeseeable product misuse and/or abnormal or unintended use of the product.

30. Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

31. Plaintiffs' claims are barred because Defendant's conduct is not the producing cause, a proximate cause, or a cause-in-fact of Plaintiffs' alleged injuries.

32. Plaintiffs' claims are barred in whole or in part by intervening and/or superseding acts.

33. Plaintiffs' claims are barred in whole or in part by the assumption of the risk associated with the purchase and/or use of the product.

34. Plaintiffs' claims are barred in whole or in part by the failure to heed warnings and/or failure to follow instructions.

35. Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks. Specifically, Plaintiff gave informed consent to the prescribing physician before taking Bextra®, alone or in combination with any other drug(s).

36. Plaintiffs' injuries, if any, were caused by an idiosyncratic reaction to the product.

37. The duty to obtain Plaintiff's informed consent prior to prescribing Bextra®, alone or in combination with any other drug(s), rested solely with the prescribing physicians.

8

38. Plaintiffs may not assert a claim against Defendant for negligent misrepresentation as Plaintiffs did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

39. Plaintiffs' claims of negligent misrepresentation are barred by the Plaintiffs' failure to justifiably rely on any alleged misrepresentation of Defendant.

40. Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs relied did not constitute a misrepresentation of material facts.

41. Plaintiffs' claims of fraud are barred by reason of Plaintiff's failure to allege circumstances constituting fraud with particularity, as required under both the state and federal rules.

42. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff did not rely on any alleged express or implied warranty.

43. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs failed to notify Defendant of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are, therefore, barred from any recovery for such claims.

44. Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any

9

product at issue. Without waiving said defense, Plaintiffs' claims for breach of warranty are barred in whole or in part by the relevant disclaimers.

45.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendant.

46.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

47.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance, and/or usage of trade.

48.    Defendant expressly denies that any third party engaging in the acts alleged by Plaintiffs were acting as Defendant's agent or servant, at the instruction of Defendant, or within the Defendant's control. Therefore, Plaintiffs' claims, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

49.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole

or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

50.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Bextra® was and is controlled by federal law, and the conduct relating to the product at issue was at all times in compliance and obedience with applicable federal law. If Plaintiffs' causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001). Plaintiffs' claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

    (a)    any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

    (b)    any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

    (c)    any allegation that Bextra® was not "safe and effective" or that the risks of the drug outweighed its benefits;

11

    (d)    any allegation that Defendant failed to give Plaintiffs' healthcare providers adequate warnings concerning the risks associated with Bextra®; and/or

    (e)    any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

51.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

52.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiffs' claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

53.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

54.    Plaintiffs' claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under each of the following constitutional provisions:

12

(a)     the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)     the Takings Clause of the Fifth Amendment of the United States Constitution;

(c)     the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

(d)     the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

55.     As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

(a)     is based, in whole or in part, on conduct which did not harm the Plaintiffs;

(b)     is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)     is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)     is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiffs; or

(e)     is grossly disproportionate to the harm suffered by Plaintiffs.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State*

13

*Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

56.   Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

57.   Plaintiffs' claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

   (a)   the Commerce Clause of Article I, Section 8 of the United States Constitution;

   (b)   the Contracts Clause of Article I, Section 10 of the United States Constitution;

   (c)   the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

   (d)   the Supremacy Clause of Article VI of the United States Constitution;

   (e)   the Free Speech Clause of the First Amendment of the United States Constitution;

   (f)   the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

   (g)   the Takings Clause of the Fifth Amendment of the United States Constitution;

   (h)   the Right to Counsel of the Sixth Amendment of the United States Constitution;

   (i)   the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

   (j)   the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

   (k)   the Equal Protection Clause of the Fourteenth Amendment;

   (l)   as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

14

58.    Because of the lack of clear standards, the imposition of punitive damages against

Defendant is unconstitutionally vague and/or overbroad.

59.    No act or omission of Defendant was malicious, willful, wanton, reckless or grossly

negligent and, therefore, any award of punitive damages is barred.

60.    Defendant affirmatively pleads that Plaintiffs cannot recover under a product liability

theory against him because he did not manufacture, assemble, sell, or distribute any

product at issue. Without waiving said defense and to the extent Plaintiffs' claim for

punitive damages is premised on alleged violations of FDA regulations, such claim is

preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiffs'*

*Legal Comm.*, 531 U.S. 341 (2001).

61.    With respect to Plaintiffs' demand for punitive damages, Defendant specifically

incorporates by reference any and all standards or limitations regarding the

determination and enforceability of punitive damage awards which arose in the

decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm*

*Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

62.    Defendant reserves the right to supplement his assertion of defenses as he continues

with his factual investigation of Plaintiffs' claims.

**III.**

**JURY DEMAND**

Subject to his Motion to Transfer Venue, Defendant hereby demands a trial by jury.

15

## IV.

### PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiffs take nothing by their suit, that Defendant be discharged with his costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By:

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT**
**W. LANCE GOODSON**

16

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 31st day of May, 2007:

***Via Certified Mail, Return Receipt Requested***

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
***Attorneys for Plaintiffs***

17

# EXHIBIT 2(F)

CAUSE NO. S-07-5349CV-A

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and CHESTER B. BRITTAIN, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | SAN PATRICIO COUNTY, TEXAS |
| PFIZER, INC., ET AL., | § § § | |
| Defendants. | § § | 36th JUDICIAL DISTRICT |

## NOTICE TO PLAINTIFFS OF FILING OF NOTICE OF REMOVAL

TO:   Margaret Ann Brittain and Chester B. Brittain, by and through their attorneys of record, Kathryn Snapka, Greg W. Turman, Rick B. Waterhouse, Jr., and Aditi Anita Shahani, SNAPKA, TURMAN & WATERHOUSE, L.L.P., P.O. Drawer 23017, 606 N. Carancahua, Suite 1511, Corpus Christi, Texas 78403.

You will please take notice that Pfizer Inc., Defendant in the above-styled and numbered cause originally filed in the 36th District Court of San Patricio County, Texas, namely, *Margaret Ann Brittain and Chester B. Brittain v. Pfizer, Inc., et al.*, Cause No. S-07-5349CV-A, has filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, its Notice of Removal in the above-captioned cause from said District Court of San Patricio County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Attached hereto you will find a copy of said Notice of Removal.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By: _____

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

2

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 5th day of June, 2007.

*Via Certified Mail/Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
*Attorneys for Plaintiff*

EXHIBIT 2(G)

CAUSE NO. S-07-5349CV-A

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and CHESTER B. BRITTAIN, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | SAN PATRICIO COUNTY, TEXAS |
| PFIZER, INC., ET AL., | § § § | |
| Defendants. | § § | 36th JUDICIAL DISTRICT |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    Laura M. Miller, District Clerk, San Patricio County, Texas.

PLEASE TAKE NOTICE that Defendant Pfizer Inc. has filed its Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, a copy of which is attached hereto. Defendant Pfizer hereby files a copy of the Notice with the Clerk of the District Court of San Patricio County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated: June 5, 2007.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By: _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 5th day of June, 2007.

### *Via Certified Mail/Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
**Attorneys for Plaintiffs**

_____

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARGARET ANN BRITTAIN and CHESTER B. BRITTAIN, | § § § § § § § § § § § § | |
| Plaintiffs, | | CIVIL ACTION NO. _____ |
| | | JURY REQUESTED |
| v. | | *Pending Transfer to MDL-1699* |
| PFIZER, INC., ET AL., | | *(In re Bextra and Celebrex Marketing, Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | | |

## LIST OF ATTORNEYS

### Attorneys for Plaintiffs

Kathryn Snapka
State Bar No. 18781200
Greg W. Turman
State Bar No. 00785123
Rick B. Waterhouse, Jr.
State Bar No. 00788624
Aditi Anita Shahani
State Bar No. 24041898
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 [Fax]

**Attorneys for Defendants Pfizer Inc.**

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Southern District I.D. No. 12703
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (Fax)

**EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARGARET ANN BRITTAIN and §
CHESTER B. BRITTAIN, §
§     CIVIL ACTION NO. _____
Plaintiffs, §
§     JURY REQUESTED
§
v. §
§     *Pending Transfer to MDL-1699*
PFIZER, INC., ET AL., §     *(In re Bextra and Celebrex Marketing,*
§     *Sales Practices and Prods. Liab. Litig.)*
Defendants. §
§
§

## PARTIES REQUESTING TRIAL BY JURY

Plaintiffs requested trial by jury in their Original Petition

Defendant Pfizer Inc. requested trial by jury in its Motion to Transfer Venue and, Subject Thereto, Original Answer

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARGARET ANN BRITTAIN and        §
CHESTER B. BRITTAIN,             §
                                 §        CIVIL ACTION NO. _____
        Plaintiffs,              §
                                 §        JURY REQUESTED
v.                               §
                                 §        *Pending Transfer to MDL-1699*
PFIZER, INC., ET AL.,            §        *(In re Bextra and Celebrex Marketing,*
                                 §        *Sales Practices and Prods. Liab. Litig.)*
        Defendants.              §
                                 §
                                 §

## STATE COURT INFORMATION

        This case is being removed from the 36th Judicial District Court of San Patricio County,
Texas, whose address is as follows:

                        Laura M. Miller
                        District Clerk
                        District Court of San Patricio County
                        400 West Sinton Street, Room 210
                        Sinton, Texas 78387